# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| OCCI, Inc. | )     ASBCA No. 61279 |
| | ) |
| Under Contract No. W912BV-11-C-0016 | ) |

APPEARANCE FOR THE APPELLANT:     Jordan N. Rowan, Esq.
                                            Counsel

APPEARANCES FOR THE GOVERNMENT:     Michael P. Goodman, Esq.
                                            Engineer Chief Trial Attorney
                                          Bryan M. Harrington, Esq.
                                          Engineer Trial Attorney
                                            U.S. Army Engineer District, Tulsa

## OPINION BY ADMINISTRATIVE JUDGE SHACKLEFORD

Appellant, OCCI, Inc. (OCCI), appeals from the assessment of liquidated damages in the amount of $70,148.00 under a contract with the United States Army Corps of Engineers (Corps or government) to construct a bulkhead. Appellant has elected to proceed under the Board's Rule 12.3 Accelerated Procedures and on the record pursuant to Board Rule 11. Accordingly, we make only summary findings of fact.

## SUMMARY FINDINGS OF FACT

1. On 29 March 2011, the Tulsa District of the Corps issued a Request for Proposals for the "construction, transportation, testing, and final placement of a new floating bulkhead and mooring facilities" (R4, tab 2d at 60). The RFP contemplated award of a firm-fixed-price contract (*id.* at 9), and was amended four times (R4, tab 2c at 260-94).

2. On 13 June 2011, OCCI was notified that its proposal in the amount of $1,384,700 was accepted and thus it was awarded Contract No. W912BV-11-C-0016. The work required by the contract was to be completed within 347 calendar days after receipt of Notice to Proceed. (R4, tab 2d at 295-99)

3. Several Federal Acquisition Regulation (FAR) clauses were included in the contract pertinently as follows: FAR 52.243-4, CHANGES (JUN 2007); and FAR 52.211-12, LIQUIDATED DAMAGES—CONSTRUCTION (SEP 2000), which provided in part:

> If the Contractor fails to complete the work within the time
> specified in the contract, the Contractor shall pay liquidated

damages to the Government in the amount of $988.00 for each calendar day of delay until the work is completed or accepted.

(R4, tab 2d at 319)

4. The contract also incorporated by reference FAR 52.233-1, DISPUTES (JUL 2002); FAR 52.246-12, INSPECTION OF CONSTRUCTION (AUG 1996); and Department of Defense FAR Supplement (DFARS) clause 252.243-7002, REQUESTS FOR EQUITABLE ADJUSTMENT (MAR 1998) (R4, tab 2d at 303-04).

5. Notice to Proceed was issued and acknowledged as received on 8 July 2011 (R4, tab 2e at 331-32), and thus the work was required to be completed within 347 days or by 19 June 2012. Bilateral Modification No. P00001 extended the contract completion date by 14 days to 3 July 2012 (R4, tab 2h at 344-450). Bilateral Modification No. P00002 extended the contract completion date by 39 calendar days to 11 August 2012 (*id.* at 346-47).

6. A 24 May 2012 inspection of the bulkhead lead the Corps to inform OCCI that the welds on multiple areas on the bulkhead were not sealed welds as specified by the contract. OCCI was required to make repairs. (R4, tab 9 at 322) Appellant contended that the welds complied with the specifications and also questioned the authority of the person making that determination (R4, tab 3 at 4).

7. The contracting officer confirmed the action of the inspector on 25 May 2012 and directed the repairs to be done (R4, tab 4 at 2). Appellant proceed to make the repairs but considered such work to be a change to the contract (R4, tab 3 at 5).

8. OCCI submitted a Request for Equitable Adjustment (REA) for the seal welds on 22 June 2012 in the amount of $110,440.61 while stating that this amount was for costs incurred from 25 May 2012 to 20 June 2012, with the potential for additional charges that would take the total up to the not exceed amount of $175,000.00. The REA did not include a request for a time extension. (R4, tab 3 at 6-8)

9. Administrative contracting officer Nance denied the REA by letter dated 2 July 2012, advising "[t]here has been no order issued to OCCI for additional welding beyond the contract scope" as "there has only been notification from the Government to OCCI of its failure to complete the seal welds as identified in the contract drawings, specifications and OCCI's shop drawings." The government advised OCCI that if it disagreed with the decision on the REA, it could pursue its rights under the Disputes clause of the contract. (R4, tab 5b at 28-29)

10. During a site visit on 21 June 2012 it came to the attention of the government that the barge assembly for the bulkhead "as constructed was listing to the open center approximately seven inches or just over one percent." That observation and discussions

2

with OCCI led to a government concern about the stability of the barge assembly being outside the allowances in the detailed work plans submitted by OCCI. (R4, tab 4b at 3-4)

11. By letter of 25 June 2012, OCCI noted the stability concerns with the bulkhead and attached a stability analysis for government review (app. supp. R4, tab 3).

12. The parties communicated back and forth several times on this issue and on 25 July 2012 the government generally accepted the changes proposed by OCCI for the stability issues. The government also acknowledged a need to update its ballasting plan. (R4, tab 4b at 11-12) The updated ballasting plan was provided to OCCI on 30 July 2012 and it was based on information received from OCCI (*id.* at 13-14).

13. For the updated ballasting plan, the government issued Unilateral Modification No. P00003 on 4 September 2012, adding $13,298.50 to the contract and extending the completion date by 5 days to 16 August 2012 (R4, tab 2h at 348-50).

14. The contract was completed on 26 October 2012 (R4, tab 8 at 593) when the bulkhead was turned over to the government, 71 days after the required completion date (R4, tab 4b at 21).

15. On 13 March 2013, the parties met to discuss remaining contract issues. At that meeting OCCI presented REAs relating to the seal weld issue[1] and the stability issue. Those requests sought $77,309 and 11 days for the weld REA and $144,647 and 52 days for the barge stability REA. (R4, tab 5 at 2-7)

16. The government denied the two REAs on 28 March 2013, advising OCCI that they could further pursue those issues under the contract's Disputes clause (R4, tab 4b at 15-16).

17. On 11 May 2017, the contracting officer issued a final decision assessing liquidated damages for 71 days at $988 per day for the period 16 August 2012 to 26 October 2012 for a total of $70,148 (R4, tab 4b at 18-19). The final decision was timely appealed to the Board on 14 August 2017[2] and was docketed as ASBCA No. 61279.

18. As of the date of the government's initial brief, 26 January 2018, appellant had not filed a Contract Disputes Act (CDA) claim nor requested a contracting officer's final decision pursuant to the Disputes clause on either issue. Appellant avers in its reply brief, dated 23 February 2018, that:

---

[1]  It is unclear from the record how this seal weld REA differed, if at all, from the REA on that subject submitted on 22 June 2012 and denied on 2 July 2012 (findings 8-9).

[2]  The final decision was received by OCCI on 15 May 2017, and 13 August 2017 was a Sunday.

> For clarification, on February 16, 2018, Appellant filed a claim
> with the Contracting Officer...in relation to the seal welds issue.
> Further, Appellant is currently in the process of submitting a claim
> on the bulkhead stability matter.

(App. reply br. at 5)

19. In a conference call with the parties on 18 May 2018, the Board was advised that the seal weld claim had been filed, but, according to government counsel, it did not include a request for a time extension. Counsel for appellant did not dispute that assertion and we find it as fact. Nor has a claim been filed for the stability REA.

## DECISION

This is a government claim for liquidated damages for late completion of the contract work. OCCI seeks remission of those liquidated damages arguing that it is entitled to time extensions for government-caused and/or concurrent delay. The government bears the initial burden of proving that the contractor failed to meet the contract completion date and that the period of time for which liquidated damages are sought is correct. *KEMRON Environmental Services Corp.*, ASBCA No. 51536, 00-1 BCA ¶ 30,664 at 151,399. The parties do not disagree over those dates (*see* gov't initial br., PFFs 7-9, 28, 35; app. 1st reply br. (not responding to those government proposed findings and stating in footnote 1: "If a numbered statement has not been included in Appellant's Reply Brief, Appellant finds no error with the proposed finding of fact.")). The parties do, however, differ over whether appellant should receive additional time extensions so as to compel remission of some or all of the liquidated damages.

Having found the government to have met its initial burden, it is incumbent upon appellant to show that its failure to timely complete the work was excusable. *Chem-Care Co.*, ASBCA No. 53614, 06-2 BCA ¶ 33,427. If the failure is excusable, then appellant would be entitled to time extensions and thus remission of liquidated damages. In the six briefs filed by the parties in this appeal, they spar extensively over who is responsible for the extra seal work and who is responsible for the extra stability work. We do not reach those issues however, because appellant is precluded from raising those issues as defenses against the government's liquidated damages claim because it has not filed proper CDA claims for them asserting entitlement to time extensions as required by *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323 (Fed. Cir. 2010).

With respect to the sealed welds issue, we have no evidence that the claim submitted during briefing of this matter included a request for a time extension. And, as to the stability matter, there is no evidence that a valid CDA claim has ever been submitted to the contracting officer on any basis and certainly no request for time has been shown to have been submitted as a CDA claim to the contracting officer.

4

Therefore, appellant has failed to demonstrate entitlement to time extensions so as to receive remission of liquidated damages and accordingly, appellant has not met its burden to show that its untimely completion was excusable. The appeal is thus denied.

Dated: 29 May 2018

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61279, Appeal of OCCI, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals